IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| DEMPSEY L. BUNCH, | ) Civil Action No. 4:07-3674-HFF-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) REPORT AND RECOMMENDATION |
| RAY NASH, SHERIFF (INDIVIDUALLY), | ) |
| | ) |
| Defendant. | ) |
| | ) |

## I. PROCEDURAL BACKGROUND

The plaintiff, Dempsey Bunch, filed this action under 42 U.S.C. § 1983[1] on November 14, 2007, alleging violations of his constitutional rights. During the time of the matters alleged in his complaint, plaintiff was housed at the Dorchester County Detention Center (DCDC) as a pretrial detainee. Plaintiff is currently incarcerated at the Wateree Correctional Institution based on the last change of address filed with the court. (Doc. # 30). Defendant Ray Nash is/was the Sheriff of Dorchester County at the time of the allegations in the complaint. Defendant filed a motion for summary judgment on June 16, 2008, along with a memorandum and exhibits in support of said motion. (Document #25). Because plaintiff is proceeding pro se, he was advised on or about June 16, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the defendant's motion for summary judgment could result in the dismissal of his complaint. The plaintiff filed a response to the motion for summary judgment on July 9, 2008. (Doc.# 29).

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

## II.  DISCUSSION

### A.  ARGUMENT OF PARTIES/ FACTUAL ALLEGATIONS

The plaintiff alleges that he had to eat out of damaged and cracked food trays while incarcerated at the DCDC on March 14, 2007, through November 2007. Plaintiff alleges that the compartments in the food trays which were cracked contained soap scum, old food particles, and mildew and/or fungus. In the complaint, plaintiff states that he "prays that no unforseen illnesses arised, and he currently takes medication for stomach discomfort in regards to this sickness." (Complaint). Plaintiff asserts that the nurses will hand out Tums during the week if he requests them.(Complaint).

### B.  STANDARD FOR SUMMARY JUDGMENT

As previously stated, defendant filed a motion for summary judgment.

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim,  Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.  If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate.  Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial."  The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S.

317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

### C. LEGAL ANALYSIS APPLICABLE TO PRETRIAL DETAINEES

Allegations of deprivations regarding pretrial detainees are considered under the due process clause of the Fourteenth Amendment instead of the cruel and unusual punishment clause of the Eighth Amendment. Cooper v. Dyke, 814 F.2d 941 (4th Cir. 1987). The rationale for this distinction was explained in Ingraham v. Wright, 430 U.S. 651 (1977) at 671-72:

> Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions . . . the State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with the due process of law. Where the State seeks to impose punishment without such an adjudication, the pertinent constitutional guarantee is the Due Process Clause of the Fourteenth Amendment (citations omitted).

A pretrial detainee may not be punished. An inmate serving a custodial sentence may be punished so long as the punishment is not "cruel and unusual." Bell v. Wolfish, 441 U.S. 520

(1979). Using the standard set out in that case, a condition must be evaluated on whether or not it was implemented to "punish" the detainee before he was convicted of any crime. Balanced against that concern, however, is the legitimate security concerns of housing a number of persons prior to their trials. If a restriction is imposed for a legitimate, non-punitive purpose, is not excessive to meet its goal, and was not imposed simply to punish the inhabitants of a facility, it will be upheld. Bell, 441 U.S. at 538.

Since the plaintiff is proceeding pro se, this court is required to treat his filings and pleadings with some degree of liberality. Estelle v. Gamble, 429 U.S. 97 (1976); Hughes v. Rowe, 449 U.S. 9 (1980) (per curiam). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. Hughes v. Rowe, 449 U.S. 5, 66 L.Ed.2d 163, 101 S.Ct. 173 (1980)(per curiam). However, plaintiff is cautioned that the court may not rewrite his pleadings; Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct defendant's legal arguments for him, Small v. Endicott, 998 F.2d 411, 417-418 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), cert. denied, 475 U.S. 1088 (1986). Further, while the court should afford a *pro se* litigant every reasonable opportunity to construct and present his side, the court cannot act as counsel for the *pro se* litigant or excuse a failure to comply with the rules of this court.

### D. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Defendant has pleaded the affirmative defense of failure to comply with the PLRA's exhaustion requirement and has moved for summary judgment on that basis as well as on the merits of the allegations. Defendant submitted the affidavit of Lt. Wanda Taylor ("Taylor"), the Detention

4

Supervisor at the DCDC, who is the record custodian of the personnel files of inmates. Taylor attests that she made a diligent search and examination of plaintiff's personnel file who was confined in the DCDC beginning March 14, 2007. Taylor asserts that although plaintiff asserts he filed three (3) grievances dated August 8, 2007, September 4, 2007, and October 28, 2007, she cannot locate the August 8, 2007, or September 4, 2007, grievance forms. Taylor asserts that said grievances were not made pursuant to DCDC grievance form. Taylor attests that she did locate and identify an Inmate Sick Call Request dated October 30, 2007, for stomach discomfort "due to contaminated water, and without a doubt, harmful exposure to bacteria in my food trays(cracked)." Taylor attests that "based on our procedures and my examination of inmate Bunch's personnel file, I can state that he did not file or submit any other grievances. Specifically, his file does not reflect any other complaints or grievances about cracked or damaged food trays or medical problems caused by cracked or damaged food trays." (Taylor affidavit, Doc. #25-2). Taylor asserts that plaintiff did not exhaust his available and known grievance procedures concerning his alleged complaints. Accordingly, defendant requests that the complaint be dismissed for plaintiff's failure to comply with the mandates of the PLRA.

Plaintiff filed a response to the motion for summary judgment but did not respond to the argument that he had failed to exhaust administrative remedies. Plaintiff asserts that he "consumed food from cracked food trays from March 14, 2007, through March 6, 2008. On March 6, 2008, new food trays were brought into circulation. Mr. Bunch suffered stomach sickness (nausea, cramps, stomach discomfort(s)) on several occasions immediately after consuming food from the broken food trays. Mr. Bunch complained to officers, and reports were made." (See response, p. 1). However, plaintiff does not assert that he filed grievances or exhausted his administrative remedies.

5

The Prison Litigation Reform Act ("PLRA") requires that a prisoner[2] exhaust the available administrative remedies before filing a 1983 action concerning conditions of his confinement. 42 U.S.C. 1997e(a). In enacting the PLRA, Congress carved out an exception to the general rule that exhaustion of state remedies is not a prerequisite to filing a civil rights suit. The PLRA amended section 1997e so that it now provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. § 1997e(a). Accordingly, before plaintiff may proceed with his claims in this Court, he must first exhaust his administrative remedies available through the SCDC grievance process. The United States Supreme Court has held that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001); *see* Porter v. Nussle, 534 U.S. 516 (2002); Jones v. Smith, 266 F.3d 399 (6th Cir. 2001)(exhaustion required even though plaintiff claimed futility); Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001)(exhaustion required even though plaintiff claimed he was afraid); *see also* Claybrooks v. Newsome, 2001 WL 1089548 (4th Cir., September 18, 2001)(unpublished opinion)(applying Booth v. Churner to affirm district court's denial of relief to plaintiff). A failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including §1983. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2386 (2006).

---

[2] A "prisoner", is defined to mean, "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law." § 1997e(h). Thus, exhaustion of administrative remedies is also required of pretrial detainees such as the plaintiff here.

Based on the evidence presented, it is recommended that defendant's (document #25) motion for summary judgment be granted for failure to exhaust administrative remedies.[3]

### III.  CONCLUSION

Based on the above reasoning, it is RECOMMENDED that Defendant Nash's motion for summary judgment (document #25) be GRANTED and this claim dismissed.

It is FURTHER RECOMMENDED that all other outstanding motions be deemed MOOT.

---

[3]     In the alternative, it is recommended that this complaint be dismissed in that plaintiff has failed to allege and/or show that he suffered any physical injury as a result of his allegations. Plaintiff alleges that he had stomach discomfort and nausea after eating from the cracked trays. Plaintiff stated that he was given Tums upon request from the nurses during the week. It appears from the evidence submitted that plaintiff was seen in medical on at least one occasion complaining of stomach discomfort. However, at most his injuries were de minimis. To survive summary judgment, the plaintiff must show more than de minimis pain or injury. Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir., cert. denied, 510 U.S.949 (1993)).  The plaintiff must produce evidence of serious or significant physical or emotional injury resulting from challenged conditions to withstand summary judgment on prison conditions claim.  Id. at 1380-1381. Plaintiff has failed to meet this burden.

Additionally, plaintiff has failed to show that the named defendant had any personal contact with the plaintiff or had knowledge of the alleged improper conditions. Plaintiff did not state in the complaint any actions that Sheriff Nash took or engaged in that violated his constitutional rights. Thus, it appears plaintiff named defendant as he is charged with running the county jail. However, under the doctrine of respondeat superior, an employer or supervisor is not liable for the acts of their employees, absent an official policy or custom which results in illegal action.  See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978) and Fisher v. Washington Metro Area Transit Authority, 690 F. 2d 1133, 1142-43 (4th Cir. 1982).  The employer or supervisor may only be held liable if the plaintiff can show that they had actual knowledge of the specific danger, but were deliberately indifferent to the plaintiff's needs despite their knowledge of this danger, Slakan v. Porter, 737 F. 2d 368 (4th Cir. 1984). Plaintiff has failed to meet this burden. Accordingly, this action should be dismissed against defendant Sheriff Ray Nash.

                                        Respectfully Submitted,

                                        s/Thomas E. Rogers, III
                                        Thomas E. Rogers, III
                                        United States Magistrate Judge

January 21, 2009
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**